UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Scott Langdell, Wendell        :
Langdell, Janeen Langdell,     :
          Plaintiffs,          :
                               :
     v.                        :     File No. 1:05-CV-174
                               :
Robert Hofmann, Barre          :
F.S.U., Vermont Department     :
of Corrections Medical,        :
Dental, and Psychiatric        :
Departments,                   :
             Defendants.       :

OPINION AND ORDER

Plaintiff Scott Langdell ("Langdell") and his parents,
Wendell and Janeen Langdell, each proceeding *pro se*, bring
this action alleging wrongful conduct by the defendants.  The
plaintiffs contend that while Langdell was incarcerated in
Vermont, the defendants violated his Eighth Amendment rights
by forcing him to take psychotropic medication and denying him
dental care.  They further claim that probation officers lied
about Langdell's conduct and health, and that the allegedly
defamatory statements resulted in his parole revocation.

The defendants have moved to dismiss (Paper 31) arguing
that Langdell has not responded to discovery requests.
Defendant Robert Hofmann has also moved for summary judgment
(Paper 32), asserting that Langdell has failed to offer
evidence in support of his Eighth Amendment claims.  For the
reasons set forth below, Langdell shall provide the requested
discovery and respond to the pending summary judgment motion

within 30 days.  Failure to comply with this order will result in the dismissal of some or all claims, as explained below, with prejudice.

<u>Factual and Procedural Background</u>

For purposes of the pending motion to dismiss, the factual allegations in the complaint will be accepted as true. When he filed his complaint, Langdell was a state prisoner in the custody and control of the Vermont Department of Corrections ("DOC").  On November 6, 2004, he was arrested and his parole was subsequently revoked.  He claims that his arrest was the result of slanderous statements by "certain F.S.U. probation officers," and that these officers "lied about my medications, . . . saying things such as I was violent toward my father, and I had hepatitus 'C', among other untrue statements."  (Paper 5 at 1-2).  Although the complaint is not entirely clear, Langdell appears to be claiming that his alleged conduct was a result of "F.S.U. forcing medication upon me which is an 8th amend violation."  <u>Id.</u> at 1.  Langdell also claims that he was denied dental care while in prison. For relief, Langdell seeks punitive and compensatory damages on behalf of himself and his parents.

One of Langdell's claims is that the defendants conspired to have him re-incarcerated.  However, the complaint does not identify any of the DOC employees who were involved in the

2

alleged conspiracy.  Nor does Langdell identify the officers
who, he claims, defamed him.  On January 10, 2006, the
defendants sent Langdell interrogatories and requests to
produce, asking him to identify the individuals who had
allegedly defamed him.  Langdell did not respond, and after
making a good faith effort to resolve the issue, defendants'
counsel filed a motion to compel.  This Court granted the
motion in an order dated June 13, 2006, and required Langdell
to submit his responses within 30 days.  Over six months have
passed since that time, and Langdell still has not provided
his discovery responses.  Discovery requests propounded by
defendant Hofmann in November 2005 have also gone unanswered.

Langdell's last activity in this case, according to the
Court's docket, was the signing of a stipulated
discovery schedule on December 12, 2005, over one year ago.
He failed to attend a Early Neutral Evaluation session on
February 2, 2006, and has not submitted any opposition to
defendants' pending motions.

<u>Discussion</u>

The defendants have moved for sanctions and to dismiss
pursuant to Rules 37 and 41(b).  The motion to dismiss is
based entirely upon Langdell's failure to comply with the
Court's prior order compelling discovery responses.  In
addition, defendant Hofmann has moved for summary judgment,

arguing that Langdell has failed to support his claim of deliberate indifference under the Eighth Amendment.

I.   Motion to Dismiss

Pursuant to Rule 41(b), a court may dismiss an action, on motion or on its own initiative, for the "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court[.]"  Fed. R. Civ. P. 41(b).  Rule 37 of the Federal Rules of Civil Procedure also authorizes dismissal of an action due to a party's failure to comply with discovery and/or court orders.  Fed. R. Civ. P. 37.[1]  Given the harsh nature of dismissals, such dismissals are "appropriate only in extreme circumstances."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, a court must be cognizant of the special latitude to be given to *pro se* litigants.  Webb v. Bermudez, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing Salahuddin, 782 F.2d at

---

[1]    The Second Circuit has cautioned that "'dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d at 1176 (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)).  This severe sanction may still be warranted, even for a *pro se* litigant, who, "due to willfulness or bad faith," fails to comply with a discovery order after being warned that noncompliance may result in dismissal.  Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); see Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); accord Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).

4

1132). However, just because Langdell is proceeding *pro se* does not mean that he can thwart the judicial process as he chooses. This Circuit has held that "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In general, a determination of whether to dismiss for failure to prosecute involves a consideration of whether the plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. United States ex rel. Drake v. Norden Sys., Inc ., 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and must consider the efficacy of lesser sanctions. Id.

A. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., Inc., 375 F.3d at 255. In this

5

case, Langdell's failure to prosecute his case is evidenced by
several events.  First, as noted above, he failed to appear at
the scheduled ENE session.  According to the neutral
evaluator's report (Paper 26), counsel for the defendants had
spoken with Langdell shortly before the session and he had
given "every indication that he intended to appear at the
given time."  Nonetheless, Langdell did not appear, and did
not receive permission from the Court for his absence.

     Second, Langdell has failed to respond to the defendants'
interrogatories.  Defendant Hofmann served a first set of
interrogatories upon Langdell on November 3, 2005.  On January
10, 2006, Hofmann's attorney sent a letter asking Langdell to
contact him.  Langdell failed to do so.  Counsel sent another
letter February 3, 2006, and again received no response.  On
February 21, 2006, counsel spoke with Langdell on the
telephone and requested cooperation.  Still, Langdell failed
to send his responses.  In a second telephone call on June 2,
2006, counsel again requested answers to the interrogatories.
During a July 13, 2006 telephone conversation, Langdell asked
counsel to send another copy of the discovery requests.  On
July 19, 2006, counsel complied and sent additional copies.
To date, and over one year after the interrogatories were
served, Langdell has still failed to submit his responses.
(Paper 34).

The defendants' second set of interrogatories were served on January 10, 2006.  Counsel for the defendants sent Langdell a letter on February 24, 2006 requesting that he serve his responses within two weeks.  Counsel sent a similar letter, again requesting responses within two weeks, on March 31, 2006.  Langdell did not contact counsel with respect to either letter, and did not submit responses.  (Paper 28).  The defendants moved to compel, and the Court granted the motion on June 13, 2006.  In its order, the Court allowed Langdell 30 days to serve his responses.  Langdell has reportedly failed to comply with the Court's order.  Langdell has also failed to oppose either the motion to dismiss or the motion for summary judgment.

Because Langdell has not filed anything with the Court in over a year, the Court has no reason to doubt that Langdell is, himself, at fault for failing to prosecute his case.  With respect to the duration of Langdell's failures, those failures have unnecessarily delayed the discovery process for many months.  The case law in this Circuit indicates that this delay constitutes a failure of significant duration.  See, e.g., Deptola v. Doe, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after pro se plaintiff failed to appear at a scheduling conference); Wilson v. Oxford Health Plans, Inc., 2002 WL

7

1770813, at *2-4 (S.D.N.Y. July 31, 2002) (dismissing for
failure to prosecute almost four months after plaintiff failed
to respond to court's order); Lopez v. Catholic Charities of
the Archdiocese of New York, 2001 WL 50896, at *4 (S.D.N.Y.
Jan. 22, 2001) (dismissing for failure to prosecute when
plaintiff "ceased to prosecute . . . action at all" for three
months); Alevizopoulos v. Comcast, 2000 WL 1677984, at *2
(S.D.N.Y. Nov. 8, 2000) (noting that although successful
motions to dismiss for failure to prosecute usually consist of
longer delays, plaintiff's failure to comply with deposition
deadlines, failure to provide an affidavit, and "willful
disregard" of the Court's orders merited dismissal for failure
to prosecute after four months of inactivity).  Accordingly,
this factor weighs in favor of dismissal.

    B.  Notice That Delays Could Result in Dismissal

    The Second Circuit requires that the plaintiff receive
adequate notice that the case could be dismissed due to
inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d
Cir. 2001).  When the Court granted Langdell's motion for
leave to proceed in forma pauperis, it provided a series of
instructions as to how the case should proceed.  (Paper 3).
Specifically, the Court notified Langdell that he

> should always file a response to a motion by the
> defendants.  In particular, in the event the
> defendants move for summary judgment as discussed
> above, or move to dismiss the complaint pursuant to

> Rule 12(b) or 12(c) of the Federal Rules of Civil
> Procedure, [his] failure to respond with supporting
> counter-affidavits or other responsive material may
> result in the dismissal of the complaint.

Id. at 5-6.  In its order on the motion to compel, however,
the Court did not warn Langdell that a failure to comply could
result in the dismissal of his case.  Indeed, the Court has
not explicitly notified him that failures to respond to
interrogatory requests and failures to comply with Court
orders might result in a judgment for the defendants.
Consequently, this factor weighs against immediate dismissal.

> C.  Prejudice to Defendants

The third factor considers prejudice to the defendants.
In deciding this factor, the Court must assess "whether
defendants are 'likely to be prejudiced by further delay.'"
Norden Sys., Inc., 375 F.3d at 256 (quoting Martens v.
Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).  "Prejudice to
defendants resulting from unreasonable delay may be presumed .
. . but in cases where delay is more moderate or excusable,
the need to show actual prejudice is proportionally greater."
Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.
1982) (citations omitted).

Here, the defendants have been forced to bear the expense
of defending a lawsuit that Langdell has shown no interest in
pursuing.  They have wasted valuable resources writing
letters, speaking on the telephone, and attending the ENE

session, while Langdell has made no apparent effort to cooperate in either the discovery or ENE processes. Although the defendants, as state actors, are not unaccustomed to prisoner lawsuits, and have not shown that they will suffer actual prejudice, Langdell's inactivity is certainly prejudicial to the extent that the defendants have other matters to which they should be attending. Accordingly, this factor favors dismissal, albeit marginally.

     D.   Balancing Plaintiff's Due Process Interests With The Court's Congested Docket

The fourth factor requires balancing Langdell's due process interests with the Court's congested docket. In deciding this factor, the Court must strike a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Norden Sys, Inc., 375 F.3d at 257 (citing Martens, 273 F.3d at 182). The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed. See Alevizopoulos, 2000 WL 1677984, at *3 (citing Lyell Theater, 682 F.2d at 42); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980) ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").

In this case, Langdell's failure to comply with the discovery process and the Court's order on the motion to

10

compel diminishes his right to have his claim heard by the Court.  See Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citing Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), aff'd, 152 F.3d 917 (2d Cir. 1998)).  Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.

    E. Consideration of Lesser Sanctions

    The fifth and final factor the Court must consider in deciding whether to dismiss this case for failure to prosecute is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." Norden Sys., Inc., 375 F.3d at 257 (citing Martens, 273 F.3d at 182).  A plaintiff's repeated violation of court orders will lead a court to "the inexorable conclusion" that dismissal is the only appropriate response to a plaintiff's conduct.  Feurtado, 225 F.R.D. at 481 (citing Chira, 634 F.2d at 666); see also Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where plaintiff has ignored multiple court orders); Alevizopoulos, 2000 WL 1677984, at *4 (same).

    Here, Langdell has disregarded the Court's initial warning that a failure to respond to dispositive motions might

result in dismissal.  A sanction other than dismissal, such as disallowing Langdell's libel and defamation claims, would render the same result as dismissal since, as discussed below, Langdell's only remaining claim currently lacks evidentiary support.  Furthermore, an award of attorneys fees might not be an equitable sanction in light of Langdell's *in forma pauperis* status and the fact that he may, in fact, no longer be pursuing his claims.

Nonetheless, complete dismissal at this time is not warranted.  Although Langdell's delays have been significant, thereby prejudicing both the defendants and impinging on this Court's busy docket, he has not been sufficiently warned that his inaction could result in the dismissal of his claims.  The Second Circuit clearly supports dismissal under Rules 37 and 41(b) in extreme circumstances, and this case is not yet extreme.  Consequently, Langdell may have 30 days in which to provide the defendants with responses to their second set of interrogatories, *and* to respond to the motion for summary judgment.[2]  Failure to provide discovery responses will result in the dismissal of his defamation and conspiracy claims.  Failure to respond to the summary judgment motion will result

---

[2]   In the course of responding to the summary judgment motion, Langdell is encouraged to respond to defendant Hofmann's first set of interrogatories.  No motion to compel has been filed with respect to those specific interrogatories.

in the dismissal of his Eighth Amendment claims.  Failure to take both of these actions within the next 30 days will mean that Langdell has refused to comply with multiple Court orders, has created significant delay, has prejudiced the defendants, and has occupied the Court's time in such a wasteful manner that his claims, as well as the claims of the other plaintiffs,[3] will be dismissed in their entirety and with prejudice.

## II.  Motion for Summary Judgment

Although the Court is prepared to grant defendant Hofmann's motion for summary judgment in the absence of a response from Langdell, the fact that the motion is unopposed does not relieve the Court of its duty to address the merits of Hofmann's motion.  "[T]he district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law."  Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  "In addition, *pro se* litigants must be given extra latitude, particularly on a summary judgment motion."

---

[3]  Langdell's parents have played no role in this case beyond asking to be added as parties since "most, if not all of the situations, have involved us, in this civil complaint." (Paper 6).  Accordingly, their claims rely upon the success of Langdell's underlying claims, and will be dismissed along with the rest of the case if Langdell fails to provide any discovery or evidence in support of his allegations.

<u>Thomas v. New York State Dep't of Corr. Servs.</u>, 2006 WL
435718, at *4 (S.D.N.Y. Feb. 23, 2006) (citing <u>McPherson v.</u>
<u>Coombe</u>, 174 F.3d 276, 280 (2d Cir.1999) (*pro se* pleadings
should be read liberally and interpreted "to raise the
strongest arguments that they suggest")).

Prisoners have a constitutional right, secured by the
Eighth Amendment, to be free from cruel and unusual
punishment.  Cruel and unusual punishment in the context of
prison medical care has been defined as deliberate
indifference to serious medical needs.  <u>See</u> <u>Estelle v. Gamble</u>,
429 U.S. 97, 104 (1976); <u>Smith v. Carpenter</u>, 316 F.3d 178, 183
(2d Cir. 2002); <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d
Cir. 1998).  The Second Circuit has held that "'the Eighth
Amendment forbids not only deprivations of medical care that
produce physical torture and lingering death, but also less
serious denials which cause or perpetuate pain.'"  <u>Brock v.</u>
<u>Wright</u>, 315 F.3d 158, 163 (2d Cir. 2003) (quoting <u>Todaro v.</u>
<u>Ward</u>, 565 F.2d 48, 52 (2d Cir. 1977)).

There are two elements to a claim of deliberate
indifference.  First, the deprivation suffered must be
objectively serious such that "a condition of urgency, one
that may produce death, degeneration, or extreme pain" exists.
<u>Hathaway v. Coughlin</u>, 99 F.3d 550, 553 (2d Cir. 1996)
(internal quotations and citations omitted). The second

14

requirement is that defendants acted with a culpable state of mind.  This subjective element requires the plaintiff to prove that a defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A showing of negligence by the defendants is not enough for a deliberate indifference claim.  See Estelle, 429 U.S. at 106 (stating that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").  Instead, the plaintiff must prove that the defendants acted with a state of mind "equivalent to criminal recklessness." Hemmings v. Gorczyk, 134 F.3d 104, 109 (2d Cir. 1998) (internal quotations omitted).

In this case, Langdell alleges that he was refused dental treatment and was forced to take psychotropic medications while in prison.  With respect to the dental care claim, he does not identify why he needed dental care, the extent of his dental problems, or the people involved in the alleged denial. This lack of detail in Langdell's allegations is obviously deficient, as the Court has no basis upon which to conclude that any defendants were deliberately indifferent to serious dental health needs.

Langdell's claims with respect to the alleged forced medication are no more detailed.  The complaint states that Langdell is bringing an Eighth Amendment claim based upon

15

forced medication, but does not specify the type of drug or the persons involved.  Langdell claims that the defendants' conspiracy and defamatory statements "all stem[] from F.S.U. forcing medication upon me which is an Eighth Amendment violation," but does not explain the link between the Eighth Amendment claim and the other allegations.  (Paper 5 at 1). Again, based upon these bare factual claims, the Court is unable to determine whether any defendants acted with deliberate indifference to Langdell's well-being.

It is possible that Langdell has additional evidence that he has not presented to either the defendants or the Court. At this late stage in the case, and with a summary judgment pending, Langdell may avoid summary judgment only by providing evidence that displays genuine issues of material fact in dispute.  A failure to provide such evidence within the 30 day deadline set forth above will result in the dismissal of Langdell's Eighth Amendment claims with prejudice.

<u>Conclusion</u>

For the reasons set forth above, Langdell shall have 30 days in which to provide the defendants with responses to their second set of interrogatories *and* to respond to the motion for summary judgment.  Failure to provide discovery responses will result in the dismissal of his defamation and conspiracy claims.  Failure to respond to the summary judgment

16

motion will result in the dismissal of his Eighth Amendment claims.  Failure to take both of these actions within the next 30 days will result in the dismissal of all claims with prejudice.  If Langdell requires an extension of this 30-day deadline, he shall file a motion for extension of time and provide reasons why the Court should grant him such extra time.[4]

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of December, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

[4]  After Langdell's time for filing his responses has expired, the Court will issue its final rulings on the motion to dismiss (Paper 31) and motion for summary judgment (Paper 32).