UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
Scott Langdell, Wendell        :
Langdell, Janeen Langdell,     :
          Plaintiffs,           :
                                :
     v.                         :        File No. 1:05-CV-174
                                :
Robert Hofmann, Barre           :
F.S.U., Vermont Department      :
of Corrections Medical,         :
Dental, and Psychiatric         :
Departments,                    :
          Defendants.           :
```

OPINION AND ORDER
(Papers 31 and 32)

In two previous orders (Papers 35 and 37), the Court considered whether the *pro se* plaintiffs' claims should be dismissed for failure to prosecute. The Court determined that although the sanction of dismissal with prejudice was warranted on several grounds, the plaintiffs had not been adequately warned of the potential for dismissal. Accordingly, the Court allowed additional time for them to respond to outstanding discovery and to a pending summary judgment motion. (Paper 35). After initially allowing the plaintiffs a second extension of time to respond, the Court's deadline has now passed. For the reasons set forth below, this case is DISMISSED with prejudice.

Background

When he filed his complaint in this case, plaintiff Scott Langdell was a Vermont inmate incarcerated in Kentucky.[1]  The complaint alleges that while Langdell was incarcerated in Vermont, the defendants violated his Eighth Amendment rights by forcing him to take psychotropic medication and denying him dental care.  The complaint also claims that probation officers lied about Langdell's conduct and health, and that the allegedly conspiratorial and defamatory statements resulted in his parole revocation.

Currently pending before the Court are a motion to dismiss and for sanctions for failure to prosecute (Paper 31), and a motion for summary judgment on the merits of Langdell's Eighth Amendment claim (Paper 32).  The motion for sanctions arises out of Langdell's failure to comply with the rules of discovery and an order of this Court to compel discovery.  The motion for summary judgment addresses the merits of Langdell's Eighth Amendment claim.

---

[1]  Plaintiff Scott Langdell's parents and co-plaintiffs, Wendell and Janeen Langdell, have played no role in this case beyond asking to be added as parties since "most, if not all of the situations, have involved us, in this civil complaint." (Paper 6).  Their claims therefore rely upon the success of Scott Langdell's underlying allegations.  Since Wendell and Janeen Langdell have not participated in the case, the remainder of this Opinion and Order will refer only to the actions of Scott Langdell (hereinafter "Langdell").

In a prior order, the Court reviewed the procedural history of the case and considered the sanction of dismissal. (Paper 35).  The Court determined that dismissal with prejudice was not appropriate because Langdell had not been adequately warned of the potential for such dismissal.  Id. The Court also held that, absent a response, the pending motion for summary judgment would be granted.[2]  In allowing Langdell additional time in which to take action in this case, the Court made clear that his

> [f]ailure to provide discovery responses will result in the dismissal of his defamation and conspiracy claims.  Failure to respond to the summary judgment motion will result in the dismissal of his Eighth Amendment claims.  Failure to take both of these actions within the next 30 days will result in the dismissal of all claims with prejudice.  If Langdell requires an extension of this 30-day deadline, he shall file a motion for extension of time and provide reasons why the Court should grant him such extra time.

(Paper 35 at 16-17).

Langdell filed a response to the Court's order (Paper 36), essentially laying blame for his failure to prosecute on an attorney who has, to date, never entered an appearance in this case.  Indeed, as the Court noted previously, Langdell has been personally involved in several aspects of the case,

---

[2] Although the summary judgment motion was unopposed, the Court addressed the substance of the motion as required by the law of this Circuit.  See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

including discussions with opposing counsel with respect to outstanding discovery and the Early Neutral Evaluation process.  Nonetheless, in light of the possibility that some of the delay in the case was based upon Langdell's reliance upon counsel, the Court granted an additional extension of time for responses.  The extension allowed the same deadline and conditions cited above, and again warned of the potential for dismissal with prejudice.  (Paper 37).  The Court's second extension of time has now expired, with no response from Langdell or the other plaintiffs.

## Discussion

A determination of whether to dismiss for failure to prosecute involves a consideration of whether the plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay.  United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and must consider the efficacy of lesser sanctions.  Id.

The Court analyzed each of these factors in its prior order.  (Paper 35).  As stated previously, Langdell's failures have caused, and continue to cause, considerable delay.  The

defendants will be prejudiced by further delay, and Langdell's conduct has diminished his right to be heard.  Id.

On the issue of notice, Langdell has now been notified on numerous occasions that a failure to prosecute could result in the final dismissal of his claims.  First, the Court warned generally at the outset of the case that a failure to respond to dispositive motions could lead dismissal. (Paper 4).  In the Court's two most recent orders, it made clear that a failure to comply with those orders would result in dismissal with prejudice.  Accordingly, while the Court previously declined to dismiss due to lack of adequate notice, that issue has now been addressed.

The Court must next consider whether dismissal is appropriate, or "whether lesser sanctions [are] sufficient to remedy any prejudice resulting from plaintiff's delay." Norden Sys., Inc., 375 F.3d at 257 (citing Martens v. Thomann, 273 F.3d 159, 182 (2d Cir. 2001)).  Courts have held that a plaintiff's repeated violation of court orders will lead a court to "the inexorable conclusion" that dismissal is the only appropriate response to a plaintiff's conduct. Feurtado v. City of New York, 225 F.R.D. 474, 481 (S.D.N.Y. 2004) (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980)); see also Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000)

(finding lesser sanctions inappropriate where plaintiff has ignored multiple court orders); <u>Alevizopoulos v. Comcast</u>, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (same).

Langdell disregarded the Court's initial warning, set forth in the order on his *in forma pauperis* motion, that a failure to respond to dispositive motions might result in dismissal.  He failed to participate in discovery, did not attend the Early Neutral Evaluation session, and disregarded the Court's order on a motion to compel.  Although specifically warned that a failure to take certain actions would result in dismissal with prejudice, his non-compliance has continued.  As a result of his conduct, discovery has been pending for a year and half without response, the ENE process has been frustrated, an order compelling discovery remains ignored, and a summary judgment motion lies unopposed.

The Second Circuit has held that "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro se*s, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).  In this case, the appropriate sanction, as warned on at least two occasions, is dismissal with prejudice.  A lesser sanction

such as dismissal without prejudice would be inappropriate, since the re-filing of Langdell's claims would likely lead to further delays and result in additional, unwarranted burdens on the defendants.  Furthermore, an award of attorneys fees to compensate for the wasted efforts by opposing counsel would be ineffective in light of Langdell's *in forma pauperis* status. Therefore, the Court concludes that this case is ripe for dismissal, and GRANTS the pending dispositive motions.

## Conclusion

For the reasons set forth above, the pending motion to dismiss and motion for sanctions (Paper 31) is GRANTED.  The pending motion for summary judgment (Paper 32) is also GRANTED.  This case is DISMISSED with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of March, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge